I. J. WALLERSTEIN, Appellee, v. OLIVE PALMER et al., Appellants. No. 43537.

DECEMBER 14, 1937.

James A. Merritt, for appellants.

Paul Payne, for appellee.

SAGER, J.—On March 27, 1935, the plaintiff filed his petition in the municipal court of the city of Des Moines, setting up the usual averments in actions of this kind, alleging the service of three-days' notice to quit, and defendants' refusal to surrender possession or to pay the rent.

The lease is on a form marked "Approved by Des Moines Real Estate Board." This lease, in addition to the stipulations for payment of $40 per month, payable on the 15th day of January and the 15th day of each month thereafter, provides that:

"Any failure on lessee's part to comply with any of the terms or conditions of this lease shall make the whole amount of rent for said. term due, * * * or he may elect to declare a forfeiture of his lease, and all lessee's rights thereunder, an ordinary notice to quit being sufficient for this purpose as well

as the basis for suit for possession and the acceptance of partial payments of rent due shall not constitute a waiver of the right of action for balance due aided by attachment or of action for forcible entry and detainer for possession on account of the unpaid balance of rent for months upon which part payment was made.''

In addition to the clauses quoted, there appears in the contract entered into between these parties as a part of the same transaction, this further provision:

''The failure to pay said rent for 15 days after due shall forfeit all rights of the second parties hereunder.''

This option contract, it is claimed by the defendants, had the effect of establishing the relation of mortgagee and mortgagors between plaintiff and defendants.

The facts upon which this situation arises are, briefly, these: The defendants inherited the property involved from their mother. At the time of the death of the ancestor there existed a mortgage of $4,000, which mortgage had been foreclosed, necessary parties having been brought in. On December 24, 1934, the last day for redemption from the sale under the mortgage foreclosure, the parties entered into the lease to which reference has already been made, and, at the same time, the contract upon which defendants rely. This contract gives defendants an option by which, upon the payment of the agreed price, plaintiff undertook to furnish a warranty deed and abstract showing clear title. Under its terms, and those of the accompanying lease, defendants were to remain in possession, paying a rental of $40 a month, payable as stated on January 15, and the 15th of each month thereafter, said rental to be applied as part purchase price if the defendants availed themselves of the option. In this latter instrument it was further provided that the only interest of the defendants in the property described ''is the right to the purchase of the same, * * * and that they have no further right, title or interest in said property in any way whatsoever, under the foreclosure sale or under their redemption rights in said foreclosure proceeding, and should said second parties fail to exercise their option to purchase said property in accordance with the above provisions, the second parties agree that they will give possession to said first party

of said property on May 1, 1935, unless the first party shall release said property to the second parties for a longer period of time.''

The amount necessary to redeem under the option contract was the repayment of the amount of the foreclosure judgment, with interest to the time such redemption was made.

.In their answer defendants allege by way of conclusion that the two instruments, the lease and the option, ''were intended to be and were construed together as an expression of an oral agreement'' between the parties. They further allege that during the redemption period they were making a strenuous effort to secure a loan from the Home Owners' Loan Corporation for the purpose of securing further time to pay the debt owing to the plaintiff, and that they ''entered into an oral agreement with plaintiff for the payment and the security of the said debt,'' and that they ''held back their right to exercise the redemption from said mortgage foreclosure.'' They construe their undertakings as set forth in the writings referred to as creating a contract ''for the re-purchase of said premises with continued right of possession accompanied with a lease for said premises, extending in the future * * * .'' To the answer of the defendants plaintiff demurred on the ground that the allegations thereof ''do not entitle the Defendant to any relief in this cause of action, and do not raise issues which the court can consider in a forcible entry and detained (r) action, * * * .''

▮▮▮ The court sustained this demurrer and we think it was right in doing so. Defendants do not claim to have paid the rent as agreed and make no pretense or allegation of having attempted to exercise the option given them by the contract upon which they rely. They made no tender or offer to do equity, but contented themselves by setting up their conclusions that having entered into the lease and the option as they did, they had re-established themselves in the position of mortgagors with the rights incident to such a relation, with the included right to sit down without making further payments to await another foreclosure proceeding.

▮▮▮ Numerous cases are cited setting forth rules with which there can be and is no quarrel, but which are not calculated to sustain defendants in their position. The allegations of defendants' answer do not bring it within the statute which requires the transfer of a cause to the district court when a

question of title is put in issue; and their default in making payments of rent as agreed and of tendering compliance with their option, justify the conclusion which the court announced.

It follows that the cause is affirmed.—Affirmed.

HAMILTON, C. J., and ANDERSON, DONEGAN, RICHARDS, KINTZINGER, MITCHELL, and STIGER, JJ., concur.